# EXHIBIT A

| District Court Boulder County, Colorado<br>1777 6th Street<br>Boulder, CO 80302 | |
|---|---|
| Plaintiff: Aaron Fransua | DATE FILED: April 5, 2017 9:28 AM<br>FILING ID: D1820EC191847<br>CASE NUMBER: 2017CV30340 |
| v. | |
| Defendant: American Strategic Insurance Corporation | ▲ **COURT USE ONLY** ▲ |
| Cheney Galluzzi & Howard, LLC<br>1888 Sherman St. Suite 200<br>Denver, Colorado 80203<br>Phone Number: 303-209-9395   E-mail:kevin@cghlawfirm.com<br>FAX Number: 303-845-7082     Atty. Reg. #49333 | Case Number:<br><br>Division     Courtroom |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT** | |

1. **This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading.** It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. **Check one of the following:**

   ☐ This case is governed by C.R.C.P. 16.1 because:

   - The case is not a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; AND

   - A monetary judgment over $100,000 is not sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

   ☒ This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

   ☐ The case is a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

   ☒ A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

   ☐ Another party has previously indicated in a Case Cover Sheet that the simplified procedure under C.R.C.P. 16.1 does not apply to the case.

   *NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 49 days of the at-issue date. See C.R.C.P. 16.1(e). In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 35 days of the at-issue date. See C.R.C.P. 16.1(d).*

JDF 601  R7-15  DISTRICT COURT CIVIL (CV) CASE COVER SHEET                  Page 1 of 2
©2013, 2014, 2015 Colorado Judicial Department for use in the Courts of Colorado

☐ A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

☐ C.R.C.P. 16.1 applies to this case.

☐ C.R.C.P. 16.1 does not apply to this case.

3. ☒ This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

Date: 4/5/2017

_____
Signature of Party or Attorney for Party

| | |
|---|---|
| 20th Judicial District Court, State of Colorado<br>Boulder County Justice Center<br>1777 6th St.<br>Boulder, CO 80302 | DATE FILED: April 5, 2017 9:28 AM<br>FILING ID: D1820EC191847<br>CASE NUMBER: 2017CV30340 |
| AARON FRANSUA,<br>Plaintiff,<br><br>v.<br><br>AMERICAN STRATEGIC INSURANCE<br>CORPORATION,<br>Defendant. | ▢COURT USE ONLY▢ |
| Cheney Galluzzi & Howard, LLC<br>*Attorneys for Plaintiffs*<br>1888 Sherman Street, Ste 200<br>Denver, CO 80203<br>Phone: (303) 209-9395<br>Fax: (303) 845-7082<br>tim@cghlawfirm.com<br>kevin@cghlawfirm.com<br>Timothy C. Galluzzi, #48211<br>Kevin B. Cheney, #49333 | Case Number:<br><br>Courtroom/Division: |
| **PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL** | |

Plaintiff, Mr. Aaron Fransua, through his undersigned Counsel, state the following Complaint against Defendant, American Strategic Insurance Corporation ("ASI"):

## INTRODUCTION

1. "[A person's] home may be [his] largest investment. The best way to protect it is through homeowners insurance."[1]

2. Defendant ASI recognizes that a person's home is among one's largest investments, and those investments go far beyond money. We are invested in our homes in ways that are not directly measurable; indeed, parts of us live there forever.

---

[1] American Strategic Insurance Corporation, "Homeowners," *available at* https://www.americanstrategic.com/Products/Homeowners.aspx.

3. Mr. Fransua recognized that value in his home, and he chose to accept ASI's suggestion that the best way to protect that investment was through homeowners insurance.

4. Of course, everyone hopes that they will never have to make claims under their insurance policies. Unfortunately, however, Mr. Fransua was forced to do just that.

5. After his home was flooded, he needed ASI's help. Yet ASI's behavior in settling his claim has been far from helpful. It has caused needless delay and stress.

6. ASI's behavior in its claim settlement constitute a bad-faith breach of its insurance contract with Mr. Fransua. Accordingly, Mr. Fransua brings this action to recover for his losses caused by ASI.

## PARTIES AND JURISDICTION

7. Plaintiff, Aaron Fransua, is a resident of 3035 Oneal Parkway # T-17, Boulder, CO, 80301. This residence is in Boulder County.

8. Defendant, American Strategic Insurance Corporation ("ASI"), is a Florida corporation with its principal place of business in St. Petersburg, Florida. At all pertinent times, ASI was licensed to conduct insurance business in the State of Colorado and was doing business in Colorado.

9. This court has jurisdiction over the subject matter at issue because this is a civil action for damages and/or equitable relief. Colo. Const. Art. VI, § 9(1).

10. Pursuant to C.R.C.P 98(c)(1), venue is proper in Boulder County, which Plaintiffs designate as the place of trial of this action.

## GENERAL ALLEGATIONS

11. At all times relevant to this matter, Mr. Fransua owned a condo located at 3035 Oneal Parkway #T-17, Boulder, CO, 80301 (the "Subject Property").

12. On 7/14/14, ASI sold Mr. Fransua a homeowner's insurance policy.

13. The policy number is #COA60013.

14. ASI renewed that policy on 5/14/15.

15. ASI renewed that policy again on 5/16/16.

16. At all times relevant to this matter, Mr. Fransua had an ASI insurance policy covering the Subject Property.

17. On 12/9/2016, a broken water pipe severely damaged the Subject Property.

18. Mr. Fransua contacted Above All Cleaning & Restoration ("Above All") who came to the Subject Property on the night of 12/9/2016.

19. Above All mitigated the damage by installing dehumidifiers, fans, removing soaked carpet pads, and taking moisture readings from the walls, floors, and ceilings.

20. Mr. Fransua moved into a hotel on 12/9/2016.

21. One day later, Mr. Fransua filed a claim with ASI.

22. Mr. Fransua was preliminarily assigned the claim number 425646.

23. Later, ASI changed Mr. Fransua's claim number to 425503.

24. On 12/13/16, Above All returned to the Subject Property and took new water readings.

25. Above All confirmed that moisture was still present in the walls and floors which, in turn, required they be replaced.

26. Bacteria and fungi begin to grow in areas that are continually moist for 72 hours.

27. Also on 12/13/16, Envirospec visited the Subject Property to take asbestos samples.

28. On 12/14/16, ASI Adjustor Dean Booton ("Booton") visited the Subject Property.

29. On 12/20/16, Mr. Fransua received quotes from Above All to repair the Subject Property including the already-performed mitigation work, the asbestos abatement, the wall repair, and painting.
    a. The already-incurred mitigation work was $2,850.78.
    b. The asbestos abatement was quoted at $24,702.32.
    c. The rebuilding of the walls, ceilings, and painting was quoted at $11,080.04.
    d. The total quote was $38,633.14.

3

30. Above All provided the quotes to ASI on behalf of Mr. Fransua.

31. On 12/22/16, Booton informed Mr. Fransua and Above All that the claim had been approved for the amounts quoted by Above All.

32. On the same day, Mr. Fransua authorized Above All to begin working on the Subject Property.

33. ASI paid $2,850.78 for the mitigation costs on 2/15/17, almost two full months after Mr. Fransua submitted the claim.

34. The asbestos abatement was completed on 1/9/17 by Advanced Environmental ("AE").

35. On the same day, AE forwarded a demand for payment to Mr. Fransua.

36. Mr. Fransua then sent it to Booton.

37. Four days later, on 1/13/17, AE again demanded payment from Mr. Fransua.

38. Mr. Fransua forwarded that demand to Booton and explained that AE had now demanded payment twice in the same week.

39. That same day, Booton responded and informed Mr. Fransua that he would issue a check for AE on 1/16/17.

40. On 1/18/17, AE again emailed Mr. Fransua and Booton for a status report on its check.

41. On 1/20/17, AE again emailed Mr. Fransua and Booton for a status report on its check.

42. On 1/20/17, Mr. Fransua logged on to ASI's portal and discovered that despite Booton's promise to issue the check on 1/16/17, it still has not been issued.

43. On 1/24/17 and 1/25/17, AE again emailed Mr. Fransua to see why the check had not arrived.

44. As of those dates, the check still had not been issued by ASI.

4

45. On 2/1/17, Booton finally responded to the above emails and explained that he got confused because of the existence of two claim numbers. He promised to expedite the checks on the next day, 2/2/17.

46. 5 days later, on 2/6/17, the ASI portal still reflected that the checks had not been issued.

47. On 2/15/17, AE contacted ASI directly and spoke with manager Courtney Bratton. Ms. Bratton finally issues a check to cover the asbestos abatement and mitigation work in the amount of $27,553.10.

48. On 12/27/16, ASI issued Mr. Fransua a check for $10,862.73 which is believed to be for the drywall, ceiling, and painting costs quoted at $11,080.04.

49. On 1/11/17, Mr. Fransua was informed by his mortgage company that the $10,862.73 check could not be processed because it was issued in the name of the wrong mortgage company.

50. Mr. Fransua emailed Booton to correct the error.

51. On 1/13/17, Booton responded to Mr. Fransua and promised to issue the correct check by 1/16/17.

52. On 2/17/17, Mr. Fransua inquired about the status of the rebuild check.

53. Booton did not respond.

54. As of the date of this complaint, that check has never been reissued.

55. In early February, 2017, Mr. Fransua learned that the City of Boulder was going to require him to replace some of the electrical work that had been damaged from the water.

56. On 2/3/17, Mr. Fransua's contractor for the rebuild notified Booton that the electrical work would cost $1,580.00.

57. On 2/6/17, Mr. Fransua emails Booton to follow up on the electrical work request.

58. On 2/7/17, Mr. Fransua's contractor again emailed Booton requesting approval of the electrical work.

5

59. Per the City of Boulder, the electrical work had to be completed before any other work could proceed.

60. Hoping to get the electrical work done as soon as possible, Mr. Fransua called Booton on 2/7/17.

61. Booton told Mr. Fransua orally that the electrical work is approved.

62. As of the date of this complaint, ASI still has not issued a check for the electrical work.

63. Because of the severe damage to the Subject Property, Mr. Fransua lived in a hotel from 12/9/16 to 4/3/17.

64. On 12/20/2016, Mr. Fransua provided ASI with a claim for his hotel expenses from 12/9/16-12/18/16 which totaled $1,626.59.

65. Mr. Fransua received a check for $1,626.59 on 12/30/17.

66. On 1/8/17, Mr. Fransua submitted a claim to ASI for $2,214.00 for hotel costs from 12/19/16-12/31/16.

67. As of the date of this complaint, that claim has never been paid.

68. Mr. Fransua was forced to put the hotel on a credit card which has an interest rate of 16.49%.

69. On 12/31/16, Mr. Fransua took a planned vacation with his significant other.

70. They returned on 1/7/17 and checked back in to the hotel.

71. This time, ASI contracted with Temporary Accommodations who paid the hotel directly.

72. On 2/6/17, Mr. Fransua spoke with Temporary Accommodations and requested that his hotel stay approval be extended because the Subject Property was still unfit for habitation.

73. On the same day, Temporary Accommodations approved Mr. Fransua's request.

74. On 4/3/17, Mr. Fransua was finally able to move back into the Subject Property.

6

75. From 1/6/17 through 4/3/17, Mr. Fransua incurred $209.95 in incidental hotel expenses, which were not covered by Temporary Accommodations.

76. Mr. Fransua also spent $1,050.42 on food while he was unable to live in the Subject Property, a significantly higher number than if he had been able to cook in his own kitchen.

77. He submitted a claim to ASI for those expenses on 4/4/17.

78. As a result of this incident, Mr. Fransua suffered unusually high energy bills for a property he could not live in.

79. On 1/9/17, Mr. Fransua submitted to Booton a copy of December's energy bill along with past bills to demonstrate that December's was significantly higher.

80. On 2/7/17, Mr. Fransua submitted January's energy bill to Booton.

81. On 3/15/17, Mr. Fransua submitted February's energy bill to Booton.

82. As of the date of this complaint, Booton never responded to any of the above emails and submissions.

83. In addition to economic damages, Mr. Fransua invested significant time and mental resources arguing and following up on compensation he was rightfully owed, all while attending law school at the University of Colorado-Boulder.

84. Mr. Fransua had to take his final exams at the end of 2016 while living in a hotel.

85. The incident has caused Mr. Fransua to suffer significant stress and annoyance after being treated poorly by his own insurance company.

### FIRST CLAIM FOR RELIEF
#### (Breach of Contract)

86. Mr. Fransua incorporates by reference the allegations in paragraphs 1-85 as if repeated here.

87. The insurance policy issued by ASI to Mr. Fransua constitutes a contract.

88. Mr. Fransua substantially performed his duties under the contract.

7

89. ASI owed duties to Mr. Fransua under the Policy to promptly investigate, adjust, and settle the property loss claim.

90. The actions by ASI, as described above, constitute breach of the contract.

91. As a direct and proximate result of ASI's breach of the insurance contract, Mr. Fransua is entitled to damages in an amount to be proved at trial.

### SECOND CLAIM FOR RELIEF
### (Common Law Bad Faith Breach of Insurance Contract)

92. Mr. Fransua incorporates by reference the allegations in paragraphs 1-85 as if repeated here.

93. The insurance policy is a contract between ASI and Mr. Fransua and by its acts and omissions, ASI breached the contract by a course of conduct that deprived Mr. Fransua of his rights and benefits under the contract, which resulted in damages and injuries to Mr. Fransua.

94. ASI's conduct was unreasonable and fell below the statutory and common-law standards of care applicable to homeowners' insurers in the State of Colorado pertaining to the handling of claims, violates the policy's implied covenant of good faith and fair dealing, and constitutes the tort of bad faith breach of insurance contract.

95. ASI's actions were unreasonable and committed in disregard for its insured's reasonable expectations.

96. ASI breached its duties of good faith and fair dealing by its actions, which include, without limitation, the following unreasonable acts:

    a. Depriving Mr. Fransua of the benefits and protections of the Policy;

    b. Compelling Mr. Fransua to institute litigation to secure benefits under the Policy;

    c. Failing to respond to communications in a reasonable time period;

    d. Engaging in conduct prohibited by C.R.S. §§ 10-1-101, 10-3-1104(1)(h), and 10-3-1113; and

8

  e. Other conduct to be revealed in discovery.

97. ASI knew that its conduct was unreasonable or recklessly disregarded the fact that its conduct was unreasonable.

98. ASI's bad faith breach of insurance contract has directly and proximately caused Mr. Fransua damages, both economic and non-economic, including, without limitation, deprivation of policy benefits, emotional distress, mental anguish, frustration, aggravation, annoyance, inconvenience, and other damages and losses in amounts to be proved at trial.

### THIRD CLAIM FOR RELIEF
### (Statutory Bad Faith Breach of Insurance Contract)

99. Mr. Fransua incorporates by reference the allegations in paragraphs 1-85 as if repeated here.

100. C.R.S. § 10-3-1115 prohibits an insurer from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of a first-party claimant.

101. Mr. Fransua is a first-party claimant under § 10-3-1115.

102. ASI delayed and/or denied Mr. Fransua's claim for benefits without reasonable basis within the meaning of C.R.S. § 10-3-1115.

103. C.R.S. § 10-3-1116 provides that a first-party claimant whose claim has been unreasonably delayed or denied by an insurer may bring an action in a Colorado district court to recover reasonable attorney fees and court costs, and two times the covered benefit.

104. ASI's actions as described above constitutes a violation of § 10-3-1115.

105. Mr. Fransua brings this action to recover his reasonable attorney fees and court costs and two times the covered benefit, pursuant to § 10-3-1116.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Aaron Fransua, respectfully prays for judgment against Defendant, ASI, upon his claims for relief asserted above, and requests that the Court award to Plaintiff, including and without limitation:

 A. Compensatory damages, both economic and non-economic;

9

B. All pre- and post-judgment interest permitted by law;
C. Reasonable attorney's fees and court costs;
D. Two times the covered benefit; and
E. Such other and further relief as the Court deems just and appropriate.

**Plaintiffs demand a trial by jury as to all claims so triable.**

DATED this 5rd day of April, 2017.

                                        Respectfully submitted,

                                        **/s/ Tim Galluzzi**
                                        **Tim Galluzzi, #48211**
                                        *Cheney Galluzzi & Howard, LLC*
                                        Attorneys for Plaintiff
                                        (original on file)

                                        **/s/ Kevin Cheney**
                                        **Kevin Cheney, #49333**
                                        *Cheney Galluzzi & Howard, LLC*
                                        Attorneys for Plaintiff
                                        (original on file)

**Plaintiff's Address:**
3035 Oneal Parkway # T-17
Boulder, CO 80301

10